J. G. EVERLY, Appellant, v. E. P. SMITH et al., Appellees.

No. 40059.

JUNE 23, 1930.

REHEARING DENIED SEPTEMBER 26, 1930.

*Cross & Hamill,* for appellant.

*John D. Denison,* for E. P. Smith, appellee.

*Stalmaster & Beber,* for Klassik Theatres, appellee.

*E. M. S. McLaughlin* and *O. P. Myers,* for Marjorie Eyerly, appellee.

EVANS, J.—Prior to September 1, 1925, the plaintiff was the owner of the Strand Theatre (known also as the Newtonia), situated in Newton, Iowa. On that date he entered into a contract of sale of the same to the defendant Smith, for an agreed price of $16,250. The subject-matter of the sale comprised only the personal property, and not the real estate. The plaintiff, being the owner also of the real estate, executed a lease therefor to the purchaser for a term of five years. The contract of sale contained the following covenant:

"It is also agreed and understood that the first party is not to engage in the operation of a picture show or theatre within the city of Newton, Iowa, for a period of five years from the date hereof."

The defendant's counterclaim was predicated upon a breach of this covenant. While Smith was operating the theater, and on December 30, 1926, the plaintiff, in conjunction with one Ewing, a brother-in-law, opened another theater in the town, known as the Rex, and continued to operate the same in competition with the Strand thereafter. The defendant Smith claimed damages to the amount of $16,000. The trial court awarded damages to the amount of $5,000. It is from this finding and judgment by the court that this appeal to this court is prosecuted by the plaintiff.

The answer made by plaintiff to the counterclaim is that the defendant knew that plaintiff was interested in the Rex Theatre, and made no complaint, and that he thereby waived such provision of the contract. It is further contended here by appellant that there was no warrant, under the evidence, for the finding of any damages, and that the evidence introduced by the defendant was wholly insufficient to sustain the finding of the district court. This is the controlling question presented by the appeal. There is no merit to the claim of waiver. There was evidence introduced by plaintiff to the effect that Smith knew or surmised, as early as the first of January, 1927, that the plaintiff had an interest in the Rex Theatre. The plaintiff does not claim that he ever told the defendant that he had such interest, or that

he ever applied to him for a waiver of the contractual provision, or that there were any negotiations or understanding of any kind between them that he might so engage in competition. His interest in the enterprise was kept, at the time, under cover. That he had a half interest in the enterprise, and that he was active in inducing it and promoting it, is not denied by him.

We turn, therefore, to the evidence on the question of the amount of damages. The theater was a so-called movie. The defendant qualified as an expert on the question of values of a movie theater. He testified that the Strand Theatre, immediately before the opening of the Rex Theatre, was worth $25,000; and that thereafter, it was worth not to exceed $10,000 or $15,000. This evidence was supported by a showing in detail of every day's receipts and expenses from September 1, 1925, until January 1, 1927, and thereafter for a further period of seven or eight months. This showing discloses that, from November, 1925, the monthly gross receipts of the Strand Theatre were approximately $3,500 per month, until the first day of August, 1926, and that from that date to the last day of December they approximated $4,000 per month, including more than $5,000 in October and more than $4,600 in November. The net profit realized by defendant throughout the year 1926 was approximately $15,000. The Rex Theatre started December 30, 1926. The gross receipts of the Strand fell from $4,200 in December, 1926, to $3,365 in January, 1927, and to $2,953 and $2,970 in February and March. The defendant suffered a net loss for these three months of more than $1,200; whereas he had registered a gain for every month previous. It appears also that the Rex Theatre, for the first three months in 1927, took in gross receipts to such an amount as to make a net profit of $3,000, which was divided equally between Eyerly and Ewing. It appears also that the Strand made no further profits in any manner; whereas the Rex did continue for some months to make more or less profits. After the first three months of 1927, the evidence becomes complicated by the fact that a large new theater in a new building, known as the Capitol Theatre, started operations. It had a much larger seating capacity, and charged higher prices, and dominated the field, after it opened operations. Undoubtedly, both the Rex and the Strand suffered from that competition. The Rex and the Strand belonged to the same class of theaters, and they were directly

competitive in character. The trial court was justified in the inference that the receipts of the Rex, when it opened, sustained a causal relation to a corresponding loss of receipts by the Strand. The evidence as a whole invites such inference.

The appellant argues that the defendant purchased for $16,250, and that, in the latter part of 1927, he sold out to the Klassik Theatres, Incorporated, for $17,500, and that, therefore, he made a profit in the deal. This argument has no real bearing upon the issue. The property could have been worth $25,000 in November or December, 1926, in view of the large monthly receipts at the ticket office. The good will of such a business would have a substantial value. The record also discloses that the sale to the Klassik Theatres, Incorporated, was simply a transfer of misfortune, and that the purchaser has never been able to pay the full purchase price. But the question before the court was: What was the value of the business on December 30, 1926; and what effect upon its value, if any, was had by the opening and operating of the Rex Theatre? We think the court properly allowed damages for the breach of contract, and that the amount allowed was a fair approximation, under the evidence.

In view of our affirmance of this feature of the judgment below, we can have no occasion to consider the question of priority of liens, as between the plaintiff and the other defendants.

The judgment of the district court is, accordingly,—*Affirmed.*

MORLING, C. J., and DE GRAFF, ALBERT, KINDIG, WAGNER, and GRIMM, JJ., concur.